**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JOHN WILLIAM HENDERSON, | Civil No. 03-6507 (JRT/FLN) |
| Petitioner, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| STATE OF MINNESOTA, | |
| Respondent. | |

John William Henderson, #208610, Minnesota Correctional Facility, 7525 Fourth Avenue, Lino Lakes, MN 55014 for petitioner.

Donna J. Wolfson, Assistant Hennepin County Attorney, OFFICE OF THE HENNEPIN COUNTY ATTORNEY, C-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487, for respondent.

Petitioner John William Henderson is currently serving a 91-month sentence for first degree criminal sexual conduct involving his girlfriend's seven-year-old daughter. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 based on alleged errors in his trial. The Court denies the petition.

**BACKGROUND**

Petitioner was convicted following a jury trial. The prosecution's case included testimony from the victim, Victoria, her mother, and two half-sisters, and a videotape of an investigatory interview of Victoria conducted by a social worker, in which she implicated petitioner. Petitioner testified in his defense. He denied the allegations and argued that Victoria's father had convinced her to make false accusations so that he could extort a large sum of money from the petitioner. In order to refute this theory, the prosecutor, over petitioner's objections asked petitioner

whether his home was heavily mortgaged and whether his business was in good standing.  Petitioner denied any financial difficulties, and the prosecutor was not permitted to introduce any further evidence in this vein.  Petitioner also unsuccessfully sought to present evidence that Victoria had recently alleged that her aunt's boyfriend had molested her and expert testimony that the interviewing techniques used by the social worker in the videotaped interview were not appropriate.

Petitioner filed the instant petition for writ of habeas corpus, alleging that his Fourteenth Amendment right to due process was violated by the trial court's refusal to permit evidence concerning the interview techniques, refusal to permit evidence concerning Victoria's accusation against her aunt's boyfriend, and allowance of the questions regarding his financial situation, and by the prosecution's failure to produce certain evidentiary materials before trial.  In a report and recommendation dated November 10, 2004, United States Magistrate Judge Franklin L. Noel recommended that the petition be denied and dismissed with prejudice.

Petitioner objected to the Magistrate Judge's recommendation, asserting that he was not fully permitted to cross-examine the social worker who conducted the videotaped interview; that he was not permitted to introduce expert testimony regarding the interviewing techniques and the characteristics of sexually abused children; that he was not permitted to introduce evidence that Victoria had made another allegedly false allegation of sexual abuse against her aunt's boyfriend, and that the prosecution was permitted to introduce evidence of the petitioner's financial status.  Petitioner also objects that he was not provided requested medical records and school records that, according to petitioner, would have indicated that, contrary to her interview statements, Victoria did not have chicken pox, that Victoria had made a false allegation against a classmate, and that she had spoken to a counselor who had

concerns about Victoria's truthfulness.

The Court has conducted a *de novo* review of the petitioner's objection pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and grants respondent's motion to dismiss.

## ANALYSIS

Much of petitioner's argument is devoted to explaining how and why the trial court's various evidentiary rulings were erroneous. However, habeas review is not available merely to "[re]-examine whether evidence was properly admitted under state law." *Adams v. Leapley*, 31 F.3d 713, 715 (8th Cir. 1994). Rather, this Court's review is limited to whether, assuming that the ruling was erroneous, "the trial court's error [was] so egregious that it denied the defendant's right to due process," *Mercer v. Armontrout*, 844 F.2d 582, 587 (8th Cir. 1988), and that "absent the alleged impropriety the verdict probably would have been different," *Gee v. Groose*, 110 F.3d 1346, 1350 (8th Cir. 1997). *See also Kerr v. Caspari*, 956 F.2d 788, 789 (8th Cir. 1992) ("To establish a due process violation warranting federal habeas relief, [a petitioner] must prove that the error was so gross . . . conspicuously prejudicial . . . or otherwise of such magnitude that it fatally infected the trial and failed to afford [the petitioner] the fundamental fairness which is the essence of due process.") (quotation omitted).

### I. Exclusion of Evidence of Another Accusation

Under Minnesota law, evidence of additional accusations of sexual abuse is only admissible if the trial court determines that there is a reasonable probability that the additional accusation is false. *State v. Goldstein*, 505 N.W.2d 332, 340 (Minn. Ct.

App. 1993). This rule is explicitly designed to protect the defendant's right of confrontation and right to present a full defense while taking into account applicable evidentiary rules. *Id.*

Following an evidentiary hearing, the trial court in this case determined that, because both Victoria and her aunt's boyfriend (who denied the accusations) appeared credible, it was not reasonably probable that the additional accusation was false. Therefore, the evidence was not admitted. The trial court correctly identified the applicable law, carefully gathered and considered the relevant evidence and, ultimately, rested its decision on a credibility determination that it was in a much better position than this Court to make. *See State v. Henderson*, 2003 WL 21005327, at * 1 (Minn. Ct. App. May 6, 2003) (noting the trial court's duty to assess matters of credibility and refusing to find error in the trial court's decision to exclude evidence of the accusation). It follows that the Court cannot say that the trial court's determination denied the defendant the due process to which he was entitled. Accordingly, this objection provides no basis upon which to grant the petition.

## II.   Exclusion of Petitioner's Proposed Expert Witness

The petitioner objects that he unsuccessfully attempted to admit testimony from multiple experts, and that the Magistrate Judge only addressed one such expert. Based on the petition and the petitioner's objections to the Report and Recommendation, the Court can identify two such experts, Stanley Slowik and Dr. Mary Kenning, both of whom, according to petitioner, would have testified to deficiencies in the interviewing process and technique employed by the CornerHouse social worker. After hearing argument on the issue, the trial court refused to permit the testimony because, even if the testimony might have been helpful to the jury and thus admissible under

Minnesota Rule of Evidence 702, it was likely that the testimony would mislead or confuse the jury and tread too close to the issue of Victoria's credibility, rendering it inadmissible under Minnesota Rule of Evidence 403.

Both Victoria and the social worker that conducted the interview testified at trial, and were cross-examined extensively. During cross-examination, the court ended petitioner's counsel's apparently open-ended line of questioning designed to ferret out any information that might be useful to "either impeach the credibility of [the social worker] or to argue to the jury that this person isn't as qualified as you might believe by her testimony with the prosecution." (T. 374.) However, there is no indication that petitioner's counsel was unable to cross-examine or impeach the social worker regarding the criticisms the proposed experts had relayed to him, or that he was prevented from cross-examining Victoria regarding the interview process. Rather, both the prosecution and the petitioner were prevented from introducing expert testimony likely to implicate Victoria's credibility. The Court is extremely reluctant to reconsider the evidentiary balancing in which the trial court was required to engage – and it is unnecessary to do so. As petitioner was provided ample opportunity to challenge the interview process and procedure, the Court is unable to say that exclusion of the testimony of these witnesses was conspicuously prejudicial or deprived the petitioner of a fundamentally fair trial, and it cannot provide a basis for relief.

**III.   Admission of Evidence Regarding Petitioner's Financial Status**

The petitioner alleges that the trial court erred by permitting the prosecutor to question petitioner regarding his financial stability because it impacted the jury's impression of his credibility. Initially, the Court notes that it appears that petitioner

denied the prosecutor's assertions that he was in difficult financial circumstances, and that the prosecutor was not permitted to impeach that testimony with apparently contradictory evidence. Thus, the jury was not presented with any evidence that petitioner might have been in financial difficulty. Furthermore, a person's financial or business difficulties, or even irresponsibility, have little connection to that person's truthfulness or credibility. Finally, as petitioner notes and the trial court eventually observed, this line of questioning was irrelevant to the charges at hand. Thus, whatever inference the jury might have drawn from the prosecutor's questions and the petitioner's answers could not have had more than a marginal impact on the jury's determination. The Court cannot conclude that the trial court's decision on this issue, even if erroneous, fatally infected the trial or that, absent this evidence, the jury's verdict probably would have been different.

## IV.  Discovery Violations

Petitioner objects that despite his requests, he was not provided medical evidence that Victoria did not have chicken pox during the period in which she alleged she was abused by petitioner; school records indicating that Victoria had made a false allegation against a classmate; or evidence that Victoria had met with a counselor who had concerns about her truthfulness with respect to her allegations against petitioner. According to petitioner, this information would have contradicted Victoria's statement in the interview that one incident of abuse took place while she had the chicken pox and demonstrate her lack of credibility. Additionally, petitioner objects that the prosecutor did not provide petitioner with information regarding his financial status.[1]

---

[1] Petitioner also objects that he was permitted to present evidence at trial that he does not smoke, which evidence contradicted Victoria's statements in the interview that during one of the incidents of abuse petitioner smoked a cigar. As petitioner presented this evidence,

- 6 -

The Constitution requires that a prosecutor disclose to the defense any evidence that a reasonable prosecutor would consider material and favorable to the defense. *Villasana v. Wilhoit*, 368 F.3d 976, 979 (8th Cir. 2004). Initially, petitioner does not indicate that, prior to or during the trial, the prosecution knew when Victoria had the chicken pox, had obtained her school records, or knew that she had either spoken to this unnamed counselor or that the counselor had questions about Victoria's truthfulness. These particular objections are raised for the first time in his objections to the Magistrate Judge's Report and Recommendation. Thus, assuming *arguendo* that this evidence is material and exculpatory, the Court cannot say that the prosecutor had any obligation or ability to disclose it. *See United States v. Gonzales*, 90 F.3d 1363, 1368 (8th Cir. 1996) (requiring petitioner to identify some specific evidence that was known to the prosecution *before* his trial, but did not become known to him until after the trial). Further, in light of Victoria's consistent testimony over time concerning the acts of abuse, as opposed to the circumstances surrounding them, the Court finds that there was not a reasonable probability that the outcome of the trial would have been different if this evidence had been available to petitioner at the time of trial. *See Kyles v. Whitley*, 514 U.S. 419, 434 (1995). Finally, the prosecutor was under no obligation to disclose evidence concerning petitioner's financial situation to him. *See Gonzales*, 90 F.3d at 1368 ("the government need not disclose evidence available to the defense from other sources or evidence already possessed by the defendants"). Therefore, the Court finds that these alleged discovery violations do not provide a basis for habeas corpus relief.

---

and it was helpful to petitioner's case in that it tended to call into question the veracity of Victoria's accusations, this does not seem to be an appropriate basis for an objection.

## V. Certificate of Appealability

For purposes of appeal under 28 U.S.C. § 2253, the Court finds that it is unlikely that some other court would decide the issues raised in this petition differently. For this reason, the Court concludes that petitioner has failed to make the required substantial showing of a denial of a constitutional right, and the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997); *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objection [Docket No. 16] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 15]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's state petition for writ of habeas corpus [Docket No. 1] is **DENIED** and this case is **DISMISSED WITH PREJUDICE.**.

2. The Court does not certify the issues raised in the petition for appeal under 28 U.S.C. § 2253(c)(1)(B).

**IT IS FURTHER ORDERED** that petitioner's motion for a continuance [Docket No. 17] is **DENIED AS MOOT**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.

DATED: July 25, 2005           s/ John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
         United States District Judge